IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–00930–PAB–MDB

DELBERT ELMER SGAGGIO JR.,

    Plaintiff,

v.

KEELEY DEBACK, in personal capacity,
BRIEN CECIL, in personal capacity,
WAYNE LAMBERT, in personal capacity, and
KEITH WREDE, in personal capacity,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Alter[n]ative Service of Wayne Lambert. (["Motion"], Doc. No. 62.) After reviewing the Motion and relevant law, the Court **ORDERS** that the Motion is **DENIED**.

### BACKGROUND

In the Motion Plaintiff seeks leave to serve Defendant Lambert by mail, "posting," or publication. (Doc. No. 62 at 4.) The docket and Motion indicate the following relevant history:

- Through the El Paso County Sherrif's Office, Plaintiff attempted to serve Defendant Lambert three times in October 2025, at 7619 Steward Lane in Colorado Springs. (Doc. No. 51.) These attempts were unsuccessful.

- The Court issued an Order to Show Cause ("OSC") on December 15, 2025, asking Plaintiff to show cause as to why Defendant Lambert should not be dismissed from this action based on Plaintiff's failure to effect timely service under Federal Rule 4(m). (Doc. No. 44.) In response to the OSC, Plaintiff filed a motion requesting an extension of the

- Rule 4(m) deadline as to Defendant Lambert. (Doc. No. 52.) The Court granted a limited extension, up to and including February 6, 2026. (Doc. No. 55.)

- Plaintiff filed the instant Motion on February 13, 2026. (Doc. No. 62.) The Motion and its exhibits indicate that the El Paso County Sherrif's Office attempted to serve Defendant Lambert at 7005 Barrimore Drive in Colorado Springs on January 22, 2026, but determined Mr. Lambert did not live at the address. (Doc. No. 62-1.) Plaintiff then hired a private process server who attempted to serve Defendant Lambert three times at the same address on February 3rd, 4th, and 5th. (Doc. No. 62-3.) The process server concluded Mr. Lambert indeed lives at the address in question because the car in the driveway on each occasion is registered to Defendant Lambert, and because a skip trace indicated the property was owned by Defendant Lambert. (*Id.*; Doc. No. 62 at 2.) The process server further indicated that no one answered the door, even though he could hear noise inside on at least one occasion. (*Id.*) The process server concluded Defendant Lambert is "avoiding." (Doc. No. 62 at 3.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e), which governs service of individuals, provides that a plaintiff may accomplish service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service...the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). "If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and

2

reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: '(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.'" *John Hancock Life Ins. Co. (U.S.A.) v. Spearman*, 2025 WL 3294690, at *2 (D. Colo. Nov. 26, 2025) (quoting Colo. R. Civ. P. 4(f)). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Zayo Grp., LLC v. Veteran Commc'ns Grp., Inc.*, 2021 WL 5719855, at *1 (D. Colo. Feb. 18, 2021) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950)).

## ANALYSIS

The Court declines to approve substitute service at this time. Though Plaintiff appears to have engaged in good faith efforts to serve Defendant Lambert, the Court finds the intensity and duration of his efforts insufficient to warrant substitute service.

First, though Plaintiff attempted to serve Defendant Lambert three times in October 2025, it appears those attempts were at an incorrect address—7619 Steward Lane. (Doc. No. 51.) Indeed, Plaintiff does not suggest Defendant Lambert previously lived at the Steward Lane address and has since moved to the Barrimore Drive address, nor does he put forward evidence suggesting Defendant Lambert was ever associated with the Steward Lane address. (*See* Doc. No. 62.) While the October 2025 attempts inform the Court's conclusion that Plaintiff has acted in good faith, they are not evidence to support a finding that Defendant Lambert is avoiding service.

3

Accordingly, the Court is left to consider the four attempts at the Barrimore Drive address—one by the El Paso County Sherrif's Office on January 22, 2026, and three by a private process server on February 3–5, 2026. (Doc. Nos. 61-1; 62-3.) A car registered to Defendant Lambert was in the driveway on at least three of the attempts, and on one of the attempts, noise could be heard inside the home. (*Id.*) This suggests it is at least possible that Defendant Lambert is avoiding service. However, the Court finds it too early to conclude that is the case. Notably, four service attempts over the course of two weeks is less than the effort expended by other plaintiffs who have been permitted to use substitute service. *See, e.g.*, *Shukla Med. Inc. v. Mahe Med. USA, LLC*, 2025 WL 2711795, at *1–3 (D. Colo. Sept. 9, 2025) (granting substitute service after a three month effort that included "ten separate personal service attempts," and "direct contact with ... the original registered agent and CEO ... who refused service"); *John Hancock Life Ins. Co. (U.S.A.) v. Spearman*, 2025 WL 3294690, at *1–3 (D. Colo. Nov. 26, 2025) (granting substitute service after "no less than nine" service attempts, the mailing of three "service packages," at least five "stakeout surveillance" attempts, an attempt to directly contact the defendant by phone and email, and contact with the defendant's previous attorney); *Sec. & Exch. Comm'n v. Cournoyer*, 2025 WL 2401986, at *1 (D. Colo. Aug. 19, 2025) (granting substitute service after significant attempts to find and serve the defendant over the course of 15 months, and statements by the defendant's relatives that he was evading service). Moreover the Court lacks any "smoking gun" that Defendant Lambert is aware of this suit and avoiding service. *Cf. Pogue v. Brown*, 2025 WL 808361, at *1 (D. Colo. Mar. 13, 2025) (grating substitute service when the process server spoke with the defendant through his video doorbell and the defendant refused to accept service). Moreover, the process server's conclusion that Mr. Lambert

4

lives there is based on circumstantial evidence, and there is other evidence to the contrary. (Doc. No. 60-1.) Thus, substitute service is not appropriate at this time.

However, in light of Plaintiff's good faith efforts to serve Defendant Lambert, the Court will make a final 60-day extension of the Rule 4(m) service deadline. *See* Fed. R. Civ. P. 4(m) (saying that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period"). The Court will not grant further extensions of this deadline absent extraordinary circumstances. Should Plaintiff again seek substitute service he must file his renewed motion prior to the expiration of the new deadline.

## CONCLUSION

For the foregoing reasons it is **ORDERED** that Plaintiff's Motion for Alter[n]ative Service of Wayne Lambert (Doc. No. 62) is **DENIED without prejudice**. It is further

**ORDERED** that Plaintiff's deadline to serve Defendant Lambert is extended to **May 1, 2026**. It is further

**ORDERED** that in light of this Order, the Pre-Scheduling Conference set for March 2, 2026, is **vacated** and will be reset at a later date.

Dated this 2nd day of March, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge