IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–00930–PAB–MDB

DELBERT ELMER SGAGGIO JR.,

      Plaintiff,

v.

KEELEY DEBACK, in personal capacity,
BRIEN CECIL, in personal capacity,
WAYNE LAMBERT, in personal capacity, and
KEITH WREDE, in personal capacity,

      Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion for Alternative Service of Wayne

Lambert. (["Motion"], Doc. No. 76.) After reviewing the Motion and relevant law, the Court

**GRANTS** the Motion.

### BACKGROUND

In the Motion, Plaintiff seeks leave to serve Defendant Lambert by mail, email,

"posting," or publication. (Doc. No. 76 at 4–5.) The docket and Motion indicate the following

relevant history:

- Through the El Paso County Sherrif's Office, Plaintiff attempted to serve Defendant Lambert three times in October 2025, at 7619 Steward Lane in Colorado Springs. (Doc. No. 51.) These attempts were unsuccessful.

- The Court issued an Order to Show Cause ("OSC") on December 15, 2025, asking Plaintiff to show cause as to why Defendant Lambert should not be dismissed from this

action based on Plaintiff's failure to effect timely service under Federal Rule 4(m). (Doc. No. 44.) In response to the OSC, Plaintiff filed a motion requesting an extension of the Rule 4(m) deadline as to Defendant Lambert. (Doc. No. 52.) The Court granted a limited extension, up to and including February 6, 2026. (Doc. No. 55.)

- Plaintiff filed his first motion for alternative service on February 13, 2026. (Doc. No. 62.) That motion indicated that the El Paso County Sherrif's Office attempted to serve Defendant Lambert at 7005 Barrimore Drive in Colorado Springs on January 22, 2026, but determined Mr. Lambert did not live at the address. (Doc. No. 62-1.) Plaintiff then hired a private process server who attempted to serve Defendant Lambert three times at the same address on February 3rd, 4th, and 5th. (Doc. No. 62-3.) The process server concluded Mr. Lambert indeed lives at the address in question because the white truck in the driveway on each occasion is registered to "Wayne E. Lambert," and because a skip trace indicated the property was owned by "Wayne E. Lambert." (*Id.*; Doc. No. 62 at 2.) The process server further indicated that no one answered the door, even though he could hear noise inside on at least one occasion. (*Id.*) The process server concluded Defendant Lambert is "avoiding." (Doc. No. 62 at 3.)

- The Court denied Plaintiff's first motion for alternative service, but granted Plaintiff an extension to May 1, 2026, to serve Defendant Lambert.[1] (Doc. No. 66.)

- Plaintiff filed the instant Motion on May 11, 2026. (Doc. No. 76.) The Motion indicates Plaintiff's private process servers attempted to serve Defendant Lambert at the Barrimore Drive address on March 3, 4, 8, 25, April 8 and 17. (*Id.* at 2; Doc. No. 76-1; 76-2; 76-3; 76-4.) The process servers reported hearing voices inside the home or otherwise reported that the occupants were avoiding answering the door on each occasion. (*Id.*) Like the February process server, the process server on March 3, 4, and 8 reported seeing a white truck in the driveway. (Doc. No. 76-1; Doc. No. 62-3.) The truck had the same license plate. (Doc. No. 76-1; Doc. No. 62-3.)

## LEGAL STANDARD

Under Fed. R. Civ. P. 4(e):

Unless federal law provides otherwise, an individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where

---

[1] That Order also required Plaintiff to file any renewed motion for substitute service by May 1. (Doc. No. 66 at 5.) Plaintiff filed the instant Motion on May 11, 2026. (Doc. No. 76.) The Court does not condone Plaintiff's late filing. Still, in light of his status as a self-represented Plaintiff, the relatively short delay, and the strength of his argument, the Court will consider Plaintiff's Motion.

the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

"The federal rules are silent regarding substituted and alternative service. Where federal rules are silent 'as to a specific procedural requirement,' the deciding court's local rules control." *Penn-Star Ins. Co. v. Bus. Futures, Inc.*, 2021 WL 5071822, at *2 (D. Colo. Sept. 14, 2021) (quoting *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019)).

In Colorado, "[o]ther means of service may only be used when service of process by personal service cannot be accomplished." *Hessert v. The Street Dog Coalition,* 2026 WL 1123812, at *3 (D. Colo. Apr. 3, 2026) (citing *Penn-Star Ins. Co*, 2021 WL 5071822, at *2). Alternative means of service "must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United States v. Elsberg*, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## ANALYSIS

Plaintiff has now made ten attempts to serve Defendant Lambert at the 7005 Barrimore Drive address. (*See* Doc. Nos. 62; 76.) The property appears to be owned by a "Wayne E. Lambert," and a car registered to "Wayne E. Lambert" was in the driveway on at most of the attempts. (*Id.*) Moreover, on several attempts, voices could be heard inside the home, but no one answered the door. (*Id.*) Based on this information, the Court is satisfied that Plaintiff has shown due diligence in his service attempts, and it appears Defendant Lambert is intentionally avoiding

3

service of this matter such that additional similar attempts are likely to be futile. *See Owens v. Tergeson*, 363 P.3d 826, 835 ("'Due diligence' is commonly understood as "the diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." (cleaned up) (quoting Black's Law Dictionary 553 (10th ed. 2014))). Thus, Plaintiff's request to serve Defendant Lambert by different means is appropriate. *See, e.g.*, *Shukla Med. Inc. v. Mahe Med. USA, LLC*, 2025 WL 2711795, at *1–3 (D. Colo. Sept. 9, 2025) (allowing alternative service after a three month effort that included "ten separate personal service attempts"); *McKowen v. Harrington*, 2025 WL 4083511, at *1 (D. Colo. June 30, 2025) (allowing alternative service after eight attempts at the defendant's confirmed residence).

Plaintiff proposes service via certified mail and posting at 7005 Barrimore Drive in Colorado Springs. There is a documented history of third-party process servers confirming a presence at that address and concluding that Defendant is likely evading. *See infra* at 2. The Court concludes that service via these methods will be sufficient to apprise Defendant Lambert of this suit. *See McKowen*, 2025 WL 4083511, at *2 ("The Court finds that alternative service via a combination of posting and mailing is 'reasonably calculated to give actual notice' to Mr. Kirby." (quoting *Penn-Star Ins. Co.*, 2021 WL 5071822, at *3).[2]

**CONCLUSION**

---

[2] The Court will not require service by publication. Additionally, the Court notes that though Plaintiff proposes serving Defendant Lambert by email, he does not appear to have his email address. (*See* Doc. No. 76 at 4 (saying Defendant Lambert's attorney in another matter "would know the Email of Lambert").) Regardless, the Court finds Defendant Lambert will be adequately advised of this matter without email service.

4

For the foregoing reasons, Plaintiff's Motion for Alternative Service of Wayne Lambert (Doc. No. 76), is **GRANTED**. Plaintiff is directed to serve Defendant Lambert via certified mail at the 7005 Barrimore Drive, and by posting the requisite documents at the same address. Plaintiff's service package shall include a copy of the operative Complaint, Summons, and this Order. Plaintiff shall file proof of service within 10 days of the mailing and posting, whichever is completed last. Plaintiff's deadline to effectuate service of Defendant Lambert is **August 1, 2026**.

Dated this 30th day of June, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

5